UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

JOYLETI D. MCDANIEL,

        Plaintiff,

   v.                                                                 Case No. 08-CV-1112

MICHAEL J. ASTRUE,

        Defendant.

———————————————————————————

## ORDER

On December 22, 2008, plaintiff Joyleti McDaniel filed a complaint pursuant to 42 U.S.C. § 405(g) seeking review of the denial by the Commissioner of Social Security ("Commissioner") of her claim for disability insurance benefits. Plaintiff has moved for leave to proceed *in forma pauperis*.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court may not authorize a litigant to proceed *in forma pauperis* until it determines that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If the court concludes that the litigant is unable to pay the costs of commencing the action, the court must then determine the action is neither frivolous nor malicious, does not fail to state a claim upon which relief may be granted, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

After reviewing plaintiff's affidavit, the court concludes that plaintiff is unable to pay the costs of commencing this action. Plaintiff has stated that her monthly income is $628.00, and that she has no savings. She has also stated that she owns no real estate or other valuable property except a car worth approximately $500.00. Plaintiff's monthly expenses include $495.00 for rent, $50.00 for electric and gas (though it appears she has applied for "utility assistance), and $100.00 for "telephone." This last expense of course causes the court hesitation. One hundred dollars a month for telephone service is significantly higher than many phone services available, both land-line and cellular. The court has no business requiring the taxpayers to subsidize plaintiff's premium phone service (if indeed that is the reason it is so expensive) by granting plaintiff's IFP motion, if plaintiff would be able to afford the filing fee were it not for this excessive expense. However, the court certainly understands that phone service of some kind is necessary, which means that plaintiff will necessarily have some monthly expense for this category. Given the razor thin margins between plaintiff's income and necessary expenses, and considering that plaintiff has four minor children, the court finds that despite the questionable "telephone" expense, plaintiff nonetheless is unable to pay the cost of commencing this action.

The court also finds that plaintiff's claim is neither frivolous nor malicious. Nor does it seek money damages from a defendant immune from such relief. However, it appears, at first blush, that she may not have stated a claim upon which relief may

be granted. Plaintiff's complaint seeks judicial review of the administrative law judge's ("ALJ") August 22, 2008 decision, denying her social security disability benefits. That decision by the ALJ became the final decision of the Commissioner on October 17, 2008, when the Appeals Council refused to review the ALJ's decision. 42 U.S.C. § 405(g) states that an "individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." It would thus appear that plaintiff's action is time-barred, as the sixty day limitations period expired on December 16, 2008.

Admittedly, the sixty day requirement "operates as a statute of limitations," it is not jurisdictional. *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989). Generally, expiration of a statute of limitations is an affirmative defense. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir.2005). Thus, the court should only dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because of an affirmative defense when that defense is "apparent from the complaint itself and unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002)). In the instant case, based on what the plaintiff has submitted, and knowing the Social Security Administration's

-3-

("SSA") procedures for the mailing of notices[1], it certainly appears that plaintiff's case was filed outside the sixty day limitations period. However, appearing to be untimely, and being "unmistakably" untimely are two different things. It is plausible that certain circumstances may make plaintiff's filing in fact timely, such as if the SSA misled plaintiff into thinking she had more time to file, or if she was granted an extension, or if in fact the letter bearing the notice was for some reason not postmarked until October 23, 2008. Because such things are possible, the court will not dismiss plaintiff's claim.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] *See Chiaradonna v. Schweiker*, 569 F.Supp. 1471, 1472 (D.C. Pa. 1983) (discussing the affidavit of the chief of the mail unit of the SSA's office of hearings and appeals, which detailed the regular procedures used by the mail unit in "immediately" dispatching to addressees the notices of the Appeals Council's decision).